**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50066 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-02162-GPC |
| v. | |
| JACOBO FLORES-VASQUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted February 17, 2015[**]

Before: O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Jacobo Flores-Vasquez appeals from the district court's judgment and

challenges the 48-month sentence imposed following his guilty-plea conviction for

attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Flores-Vasquez contends that his sentence violates the Sixth Amendment because the fact of the prior conviction that subjected him to a higher statutory maximum under section 1326(b) was not admitted by him or proven to a jury. The Supreme Court rejected this argument in *Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998). Flores-Vasquez's contention that *Almendarez-Torres* has been overruled is incorrect. *See Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013) (declining to revisit holding in *Almendarez-Torres*); *see also United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009) (Supreme Court precedent is controlling until it is explicitly overruled by the Court).

**AFFIRMED.**